State v. Atwell

Affirmed.

Chief Judge VAUGHN and Judge HEDRICK concur.

STATE OF NORTH CAROLINA v. BEVERLY SPARKS ATWELL

No. 8221SC1122

(Filed 21 June 1983)

APPEAL by defendant from *Albright, Judge.* Judgment entered 7 June 1982 in Superior Court, FORSYTH County. Heard in the Court of Appeals 13 April 1983.

The defendant pled guilty on 7 June 1982 to felonious possession of cocaine, which is punishable under G.S. 90-95(a)(3). She was given a two-year sentence which was suspended for three years. She was placed on supervised probation and ordered to pay a $5,000 fine and court costs.

Her motion to suppress evidence seized as a result of the execution of a search warrant was denied on 20 May 1982. She filed that motion with codefendant Glenn Douglas Atwell, her husband.

The defendant gave a timely notice of appeal from the denial of her motion to suppress to this Court.

*Attorney General Edmisten, by Special Deputy Attorney General Charles J. Murray, for the State.*

*Daniel S. Johnson for the defendant-appellant.*

ARNOLD, Judge.

We first note that this appeal raised the same question that we decided in an accompanying case, *State v. Atwell,* 62 N.C. App. 643, --- S.E. 2d --- (No. 8221SC1059; filed 21 June 1983). The defendant there was the husband of the defendant in this case and the facts in both cases are substantially similar.

The same application for a search warrant that we upheld in Glenn Atwell's case is attacked by the defendant here. For the reasons announced in that opinion, we again hold that the application and search warrant were valid.

Whether appeal was proper from denial of the motion to suppress, which was an issue in Glenn Atwell's case, is not an issue here because the defendant's guilty plea in this case was not the result of plea negotiations. Glenn Atwell's guilty plea occurred only after plea negotiations with the District Attorney's office. The question of if he gave notice of his intention to appeal from denial of the suppression motion before plea negotiations were finalized was crucial in his case. That question is not before us here.

Finally, we note that the briefs of the defendants in this case, and in Glenn Atwell's case, are nearly identical even though they are signed by different attorneys. The statement of the facts and arguments are reproduced almost verbatim.

Although this practice is not prohibited by our rules or the law, we believe that defense attorneys should prepare briefs and records with care to state the strongest arguments of each *individual* defendant. Effective arguments were made here in the defendant's brief, but irrelevant facts involving Glenn Atwell are mentioned throughout the record and the defendant's brief. We discourage this practice in the future.

Because it was correct to deny the defendant's motion to suppress for the reasons stated in our opinion in Glenn Atwell's case, we affirm the trial judge's 20 May 1982 order.

Affirmed.

Chief Judge VAUGHN and Judge HEDRICK concur.